Keith H. GEORGE, Petitioner,

v.

Jeffrey A. BEARD, Secretary and Pennsylvania Department of Corrections, et al., Respondents.

Commonwealth Court of Pennsylvania.

Submitted on Briefs March 14, 2003.

Decided May 22, 2003.

Keith H. George, petitioner, pro se.

Alan M. Robinson, Camp Hill, for respondent.

BEFORE: McGINLEY, Judge, SIMPSON, Judge, and KELLEY, Senior Judge.

OPINION BY Judge SIMPSON.

Keith H. George (George), an inmate at the State Correctional Institution at Dallas, filed a petition for review asserting Jeffrey A. Beard, Secretary (Respondent), Pennsylvania Department of Corrections (DOC), improperly deducted funds from his inmate account to pay sentenced costs and fines. Respondent filed a preliminary objection in the nature of a demurrer.

George is presently serving two life sentences. Petition, ¶ 5. In addition to confinement, the sentencing court ordered George to pay fines and costs. *Id.* George now asks this Court to enjoin DOC from deducting funds from his inmate account to satisfy his sentenced financial obligations. He also seeks reimbursement for funds previously deducted.

Respondent demurs, asserting: (1) any alleged impropriety as to George's criminal sentence must be addressed with the sentencing court or by appealing the sentencing court's order; (2) DOC acted pursuant to its statutory authority to deduct the funds; and (3) funds deducted from George's account were remitted to the proper county agent.

■ When reviewing a demurrer to a petition for injunctive relief, we may sustain the objection only where the underly-

ing petition is insufficient to establish a right to relief. *P.J.S. v. State Ethics Comm'n,* 669 A.2d 1105 (Pa.Cmwlth.1996). Any doubt must be resolved in favor of the party seeking the injunction. *Id.*

## I.

George first avers he is entitled to a hearing to determine his financial ability to pay his sentence financial obligations.[1] This claim lacks merit.

## A.

Pursuant to Section 9726(b) of the Sentencing Code, a sentencing court may impose a fine in addition to another sentence involving confinement, when:

> (1) the defendant has derived a pecuniary gain from the crime; or
>
> (2) the court is of the opinion that a fine is specially adapted to deterrence of the crime involved or to the correction of the defendant.

42 Pa.C.S. § 9726(b).

■ The sentencing court shall not order a defendant to pay a fine unless it appears of record that the defendant is able to pay. 42 Pa.C.S. § 9726(c). Before imposing a fine, the sentencing court must make findings on a defendant's financial ability to pay. 42 Pa.C.S. § 9726(d). Thus, if at the time of sentencing it appears a defendant is unable to pay a fine, a judge should consider alternative penalties. *Commonwealth v. Schwartz,* 275 Pa.Super. 112, 418 A.2d 637 (1980).

It is reasonable to expect any contest to a defendant's ability to pay sentenced fines and costs will be raised as early as possible. An early challenge may enable the sentencing judge to reconsider the sentence. Also, a timely appeal or timely petition for postconviction relief may allow for correction of a sentence imposing impossible financial burdens.

■ The Post Conviction Relief Act, 42 Pa.C.S. §§ 9541–9546 (PCRA), is "the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies...." 42 Pa.C.S. § 9542. The PCRA applies to offenders serving a sentence requiring imprisonment or special supervision. 42 Pa.C.S. § 9543(a)(1). It does not apply to offenders whose only sentence obligations are financial. *Commonwealth v. James,* 771 A.2d 33 (Pa.Super.2001); *Commonwealth v. Fisher,* 703 A.2d 714 (Pa.Super.1997). A petition under the PCRA generally must "be filed within one year of the date the judgment [of sentence] becomes final...." 42 Pa.C.S. § 9545(b). Under the PCRA, "an issue is waived if the petitioner could have raised it but failed to do so ... during unitary review, on appeal or in a prior state postconviction proceeding." 42 Pa.C.S. § 9544(b).

Different considerations arise for offenders whose only obligations are financial. In *Tate v. Short,* 401 U.S. 395, 91 S.Ct. 668, 28 L.Ed.2d 130 (1971), the United States Supreme Court held it was unconstitutional to imprison an indigent individual for failure to pay a fine. Thereafter, the Pennsylvania Supreme Court opined:

> We believe that the [United States] Supreme Court has made it plain that a defendant may not be incarcerated merely because he cannot make full payment of a fine. Therefore, we hold that the appellants must be given the oppor-

---

1. George cites *Boofer v. Lotz,* 797 A.2d 1047 (Pa.Cmwlth.2002), *appeal granted,* — Pa. —, 817 A.2d 1079 (2003) (inmate appealed trial court's order denying his request to stop deductions; deductions were taken pursuant to letter from the clerk of courts rather than sentencing court's order). *Boofer* did not, however, address the issues discussed here.

tunity to establish that they are unable to pay the fine.

*Commonwealth ex rel. Parrish v. Cliff,* 451 Pa. 427, 433–34, 304 A.2d 158, 161 (1973).

■ Before an offender can be confined solely for nonpayment of financial obligations he or she must be given an opportunity to establish inability to pay. *Schwartz.* If the offender establishes indigence, he or she will be allowed to make payments in reasonable installments. *Id.* Thus, if an offender defaults in the payment of a fine or court costs after imposition of sentence, the fines and costs court may conduct a hearing to ascertain information regarding an offender's financial resources. 42 Pa.C.S. § 9730(b)(1). If the fines and costs court determines the offender is able to pay fines or costs, it may turn the delinquent account over to a private collection agency or impose imprisonment for nonpayment, as provided by law. 42 Pa.C.S. § 9730(b)(2).

Imprisonment for nonpayment of financial obligations may be imposed on a finding of contempt for failure to pay a fine, 42 Pa.C.S. § 9772, on a finding of contempt for failure to make restitution, 18 Pa.C.S. § 1106, or on a finding of violation of a specific condition of supervision. 42 Pa. C.S. § 9773. Each proceeding requires a hearing.

■ Considering the foregoing, it is clear that while in custody under sentence, an offender's sole avenues to challenge payment of financial aspects of the sentence are direct appeal or postconviction proceedings. These avenues are adequate remedies at law for an offender in custody to challenge any aspect of the sentence. If, however, failure to pay sentenced financial obligations exposes an offender to initial confinement, additional confinement or increased conditions of supervision, a hearing is warranted. Stated differently, if an offender is notified that he or she is charged with contempt or with probation

or parole violations as a result of failure to pay fines, costs or restitution, the offender should be afforded a hearing.

■ Obviously, George's petition fails to state a cause of action for which relief may be granted. George does not and cannot aver he is exposed to initial confinement, additional confinement, or increased conditions of supervision as a result of nonpayment. Moreover, George's petition fails to aver facts, as opposed to bald conclusions, to support the claim that the deductions create a financial burden he cannot afford. By way of example, George does not plead the balance in his inmate account. Consequently, George is not entitled to a hearing.

### B.

Pursuant to Section 9728(b) of the Sentencing Code, commonly referred to as Act 84:

> (3) The county clerk of courts shall, upon sentencing, ... transmit to ... the ... agent designated by the county commissioners of the county with the approval of the president judge of the county and to the ... [DOC] ... copies of all orders for restitution ... reparation, fees, costs, fines and penalties.

> . . . .

> (5) *The ... [DOC] shall be authorized to make monetary deductions from inmate personal accounts for the purpose of collecting restitution or any other court-ordered obligation.* Any amount deducted shall be transmitted by the [DOC] ... to the probation department of the county or other agent designated by the county commissioners of the county....

42 Pa.C.S. § 9728(b) (emphasis added).

■ Subsection (b)(5) authorizes DOC to make monetary deductions from an inmate's account to pay court ordered fines and costs and does not impose prior court

authorization as a threshold condition. *See Commonwealth v. Fleming,* 804 A.2d 669 (Pa.Super.2002); *Sweeney v. Lotz,* 787 A.2d 449 (Pa.Cmwlth.2001). As noted, George concedes that fines and costs were imposed as part of his criminal sentence. Petition, ¶ 5. It is the judgment of sentence which enables DOC to deduct the funds. Thus, George may not challenge that judgment by seeking to enjoin DOC from carrying out its statutorily mandated duty to deduct the funds. *Harding v. Superintendent Stickman of SCI Greene,* 823 A.2d 1110, 2003 WL 21183897 (Pa. Cmwlth. May 21, 2003) (inmate may not challenge substance of sentencing court's order by seeking an injunction against DOC). *Compare Commonwealth v. Baker,* 782 A.2d 584 (Pa.Super.2001) (inmate appealed trial court's order directing deductions from inmate's account for costs and restitution).

### C.

 Nor is George entitled to reimbursement from DOC for funds deducted from his account. Pursuant to Section 9728(b)(5) of the Sentencing Code, the funds deducted from his inmate account were sent to the appropriate county agent for payment of his court ordered obligations. As such, he has no right to reimbursement from DOC. *Harding.*

### D.

George further alleges DOC deducted funds from his account without a court order authorizing deductions. Contrary to this averment, however, George concedes the trial court entered a judgment of sentence against him that included the payment of fines and costs. Petition, ¶ 5. As such, this claim lacks merit.

### II.

George also avers Act 84 may not be applied retroactively to inmates, like himself, who are convicted and incarcerated prior to the Act's effective date.

Act 84 "neither defines a criminal offense committed by a Petitioner nor imposes additional fines and/or punishment against him." *Commonwealth v. Ralston,* 800 A.2d 1007, 1009 (Pa.Cmwlth.2002) (quoting *Sweatt v. Dep't of Corr.,* 769 A.2d 574, 576 (Pa.Cmwlth.2001)). The mandate of Act 84 is merely a change in the method of the collection of costs and fines, and thus is procedural in nature. *Id.* As a procedural provision, it may be applied retroactively. *Id.*

For the foregoing reasons, Respondents' preliminary objection is sustained, and the petition for review is dismissed with prejudice.

### ORDER

AND NOW, this 22nd day of May, 2003, Respondent's preliminary objection in the nature of a demurrer is sustained, and the petition for review is dismissed with prejudice.