# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Justin Corliss,                  :
              Petitioner        :
                                   :
             v.                  :    No. 580 M.D. 2014
                                   :    SUBMITTED: October 2, 2015
Pennsylvania State Police,        :
             Respondent     :

BEFORE:     HONORABLE BONNIE BRIGANCE LEADBETTER, Judge[1]
                  HONORABLE P. KEVIN BROBSON, Judge
                  HONORABLE ROCHELLE S. FRIEDMAN, Senior Judge

**OPINION NOT REPORTED**

**MEMORANDUM OPINION BY**
**JUDGE LEADBETTER**                  **FILED: April 26, 2016**

Before us for disposition in our original jurisdiction is the *pro se* amended application for summary relief of Petitioner Justin Corliss seeking declaratory and injunctive relief pertaining to Respondent Pennsylvania State Police's (PSP) implementation of the Sexual Offender Registration and Notification Act (SORNA).[2] We deny Corliss' application.

---

[1] This case was assigned to the opinion writer on or before January 31, 2016, when Judge Leadbetter assumed the status of senior judge.

[2] Sections 9799.10-9799.41 of the Sentencing Code, 42 Pa. C.S. §§ 9799.10-9799.41.

In November 2014, Corliss filed a "petition for review-complaint in mandamus-with notice to plead."[3] In pertinent part, he alleged that he was convicted of four crimes in July 1998: indecent assault, corruption of minors, statutory sexual assault and aggravated indecent assault. Petition for Review, ¶ 4. Sentenced to four to ten years of imprisonment, he completed ten years of imprisonment in 2008. *Id.*, ¶ 6. He further alleged that he was required upon his release from prison to register for ten years under "permutations of Megan's Law" and that he appeared for his annual verification at PSP's Swiftwater, Pennsylvania, barracks in August 2012. *Id.*, ¶ 7. At that time, he alleged that he duly verified the information on file, made appropriate corrections and registered one of his vehicles notwithstanding an alleged lack of duty to do so. *Id.*, ¶ 9. He further alleged that, at that time, he owned and operated three commercial vehicles related to his business. *Id.*, ¶ 10.

Additionally, Corliss averred that he complied with the registration requirements up until December 2012, when PSP advised him via letter that SORNA had been enacted, that he was now classified as a Tier III offender,[4] that

---

[3] Although Corliss captioned his petition for review as a complaint in mandamus, he is also requesting declaratory and injunctive relief. For disposition purposes, substance will prevail over form. *See Taylor v. Pa. State Police*, 132 A.3d 590, 599-600 (Pa. Cmwlth. 2016) (en banc) (where petitioner labeled his petition as petition for review in the nature of a writ of mandamus, but did not request that PSP undertake a mandatory duty and, instead, requested declaratory and injunctive relief, this Court held that it would consider the petition as if filed in the nature of a declaratory judgment).

[4] For the first time, the legislature in SORNA established a three-tier classification system for sexual offenses. Section 9799.14 of the Sentencing Code, 42 Pa. C.S. § 9799.14. An individual's tier status is dependent upon the offense committed and impacts the length of time an individual is required to register and the severity of the punishment should he or she provide false information or fail to register. The period of registration for each of the tiers is as follows: Tier III - lifetime; Tier II - twenty-five years; Tier I - fifteen years. Section 9799.15(a)(1)-(3) of the Sentencing Code, 42 Pa. C.S. § 9799.15(a)(1)-(3).

2

his former ten-year registration period had been extended to life, that his once-per-year updates had been expanded to every three months, and that he would be required during the registration process to verify his current information and to provide additional information or items regarding the vehicles that he owned or operated. *Id.*, ¶¶ 11, 12.

Subsequently, PSP advised Corliss that he was required to make his verification between January 26, 2013, and February 4, 2013. *Id.*, ¶ 13. He alleged that PSP did not mention the registration of additional vehicles or any registration process. *Id.* Corliss alleged that he appeared at PSP's barracks on February 1, 2013, at which time he duly verified the information on file. Specifically, he alleged as follows:

> There was no change to any of the enumerated items listed thereon from the August 1, 2012 verification, excepting that [Corliss] no longer used his Plymouth van and duly added his Subaru Outback as his primary mode of transportation. [PSP's] form provided no space to add vehicles and [it] took no opportunity to explain a duty to register [his] commercial vehicles, nor utilized information available to [PSP] by the Department of Transportation to assist [him] in complying with SORNA.

*Id.*, ¶ 14. Thereafter, in response to PSP's subsequent April 2013 directive, Corliss alleged that he once again appeared at PSP's barracks in May 2013 and duly verified his information and indicated that no changes had occurred since the prior verification. *Id.*, ¶¶ 15-16.

Corliss further alleged that a PSP trooper telephoned him in July 2013, advised him that a number of vehicles were on his property, and told him that PSP would charge him with violating Megan's Law if he did not report to the barracks within thirty minutes in order to register them. Corliss alleged that he

3

collected the registration slips for his three commercial vehicles and reported to the barracks. *Id*., ¶ 17. Although Corliss alleged that the phone call was a ruse in order to arrest him for an unrelated matter, PSP nonetheless charged him with three counts of knowingly failing to register his three commercial vehicles in violation of Section 4915.1(a)(3) of the Crimes Code, 18 Pa. C.S. § 4915.1(a)(3). *Id*., ¶¶ 18 and 20. Corliss alleged that he has been imprisoned in excess of one year due to PSP's conduct and that his prosecution for the SORNA offenses is pending. *Id*., ¶¶ 55 and 78-79.

As for Corliss' arguments in his petition, he alleges that SORNA's application to him violates the ex post facto and double jeopardy clauses of both the United States and Pennsylvania Constitutions, that there is no rational basis for SORNA's requirement that he register his commercial vehicles, that PSP's December 2012 notice regarding SORNA was insufficient under the law's notice provision, that his underlying convictions should be overturned, and that his pending prosecution for SORNA violations should be aborted. *Id*., ¶¶ 31-33, 35-52, 61-62. Accordingly, Corliss requests that this Court enter an order finding that SORNA is unconstitutionally retroactive, that it is an ex post facto law, that it is punitive, that it violates the double jeopardy clauses of both of the aforementioned constitutions and that it does not apply to him. *Id*., ¶ 68.

Further, Corliss requests a finding that PSP failed to comply with Section 9799.20 of the Sentencing Code, 42 Pa. C.S. § 9799.20, setting forth a duty to inform an individual of his obligation to register and requiring him to sign a form that the obligation has been explained to him and that he understands it. Specifically, Corliss requests findings that PSP's conduct did not meet that duty and that PSP should be directed to inform him of his obligation consistent with the

4

alleged forms and procedures used by the Court of Common Pleas of Monroe County. *Id*., ¶¶ 69, 73. In addition, he requests a declaration prohibiting PSP from assisting the Monroe County District Attorney in prosecuting the charges already brought against him and an injunction preventing PSP from prosecuting him for alleged SORNA violations. *Id*., ¶¶ 70-71, and 79. Alternatively, he requests that his prosecution for alleged SORNA violations be stayed pending resolution of the instant petition for review. *Id*., ¶ 78. Finally, if SORNA is found to be applicable, then he requests a declaration that he will not be required to list his commercial vehicles and that he be reclassified as a Tier I offender. *Id*., ¶ 74, 82.

After filing his petition for review, Corliss filed a November 25, 2014, application for summary relief and an April 20, 2015, amended application for summary relief. In the interim, PSP filed preliminary objections in December 2014. In May 2015, this Court granted PSP's application to stay proceedings on Corliss' amended application pending disposition of PSP's preliminary objections. In June 2015, however, this Court granted Corliss' application to vacate the stay on his amended application, to which PSP had not responded.[5] Further, we ordered that, upon the filing of PSP's brief in opposition to Corliss' amended application for summary relief, PSP's preliminary objections and Corliss' amended application be submitted to a panel of judges of this Court for disposition on briefs without oral argument.

In the April 2015 amended application for summary relief at issue, Corliss alleges that SORNA's current registration requirements do not apply to him

---

[5] In July 2015, PSP filed an application for enlargement of time to file a response to Corliss' amended application for summary relief. Therein, counsel indicated that he mistakenly failed to file a timely brief opposing Corliss' application to vacate the stay. Absent a response from Corliss, this Court granted PSP's application in a July 2015 order.

and/or are unconstitutional. Accordingly, he requests that we enter an order: (1) finding that PSP failed to comply with Sections 9799.19 and 9799.20 of the Sentencing Code, 42 Pa. C.S. §§ 9799.19 and 9799.20, pertaining to the individual's initial duty to register with PSP and PSP's aforementioned duty to inform; (2) enjoining PSP from charging him with a violation of Section 4915.1 of the Crimes Code, 18 Pa. C.S. § 4915.1, failure to comply with registration requirements, and from assisting the Monroe County District Attorney's Office with prosecuting the charges already filed; (3) finding that his failure to register his three commercial vehicles constitutes a non-prosecutable *de minimis* infraction; and (4) issuing a stay in the common pleas case of *Commonwealth v. Corliss*, No. 1748 C.R. 2013, pending resolution of the above-captioned action.

In response, PSP requests that we deny Corliss' amended application in its entirety or stay a ruling pending disposition of its preliminary objections. In this last regard, it represents that, if we were to sustain its preliminary objections, Corliss' action would be dismissed in its entirety. In the alternative, it requests that we consolidate disposition of the two pleadings. This Court, however, previously granted PSP's application for a stay on Corliss' amended application. Further, in the absence of a response from PSP, we then granted his application to vacate that stay. In any event, we are not precluded from ruling on Corliss' amended application before ruling on PSP's preliminary objections. *See Marshall v. Pa. Bd. of Prob. & Parole*, 638 A.2d 451, 453 (Pa. Cmwlth. 1994) (holding that, "[a]s with a motion for peremptory judgment, an application for summary relief may be granted without the filing of an answer and prior to disposing of outstanding preliminary objections"). Accordingly, we turn to Corliss' amended application, which is all that is before us for disposition at this time.

6

In pertinent part, Rule 1532(b), Pennsylvania Rule of Appellate Procedure 1532(b), provides that this Court may grant summary relief after the filing of a petition for review in our original jurisdiction if the right of the applicant thereto is clear. The application will be denied where there are material facts in dispute or it is not clear that the applicant is entitled to judgment as a matter of law. *Brown v. Pa. Dep't of Corr.*, 932 A.2d 316, 318 (Pa. Cmwlth. 2007). In addition, we are required to view the evidence in the light most favorable to the non-moving party. *Ingram v. Newman*, 830 A.2d 1099, 1102 n.4 (Pa. Cmwlth. 2003). Regarding the specific relief requested, we note that the decision to grant or to deny declaratory relief rests within our sound discretion as a court exercising its original jurisdiction. *Id.* at 1102. Further, in order to prevail in an action for injunction, "a party must establish that his right to relief is clear, that an injunction is necessary to avoid injury that cannot be compensated by damages, and that greater injury will result from refusing rather than granting the relief requested." *Id.*

As a threshold matter, we reject Corliss' contention that SORNA's current registration requirements do not apply to him. As Corliss alleged, he was convicted of four crimes in July 1988, including aggravated indecent assault. Petition for Review, ¶ 4. At the time of his 2008 release, Megan's Law III was in effect and, thereunder, an individual convicted of aggravated indecent assault pursuant to Section 3125 of the Crimes Code, 18 Pa. C.S. § 3125, was subject to lifetime registration. Section 9795.1 of Megan's Law III, 42 Pa. C.S. § 9795.1 (expired December 20, 2012, pursuant to Section 9799.41 of the Sentencing Code, 42 Pa. C.S. § 9799.41). Further, when SORNA was passed on December 20, 2011,

7

it was expressly made applicable to individuals who were required to be registered under previous versions of Megan's Law. It provides, *inter alia*:

> The following individuals shall register with the Pennsylvania State Police as provided in sections 9799.15 (relating to period of registration), 9799.19 (relating to initial registration) and 9799.25 (relating to verification by sexual offenders and Pennsylvania State Police) and otherwise comply with the provisions of this subchapter:
>
> \*\*\*\*
>
> (3) An individual who:
>
> (i) was required to register with the Pennsylvania State Police pursuant to this subchapter prior to December 20, 2012, and who had not fulfilled the individual's period of registration as of December 20, 2012; or
>
> \*\*\*\*
>
> (3.1) The following:
>
> (i) An individual who between January 23, 2005, and December 19, 2012, was:
>
> \*\*\*\*
>
> (B) released from a period of incarceration resulting from a conviction for a sexually violent offense; or
>
> (C) under the supervision of the Pennsylvania Board of Probation and Parole or county probation or parole as a result of a conviction for a sexually violent offense.

Section 9799.13(3) and (3.1) of the Sentencing Code, 42 Pa. C.S. § 9799.13(3) and (3.1). Because all of the above-quoted conditions apply to Corliss, SORNA now applies to him and he was correctly classified as a Tier III offender. Section 9799.15(a)(3) of the Sentencing Code, 42 Pa. C.S. § 9799.15(a)(3).

8

Moreover, we also reject Corliss' general contention that SORNA is unconstitutional, e.g. that it constitutes an ex post facto law. In *Coppolino v. Noonan*, 102 A.3d 1254, 1278-79 (Pa. Cmwlth. 2014), *aff'd*, ___ A.3d ___ (Pa., No. 132 MAP 2014, filed November 20, 2015), we concluded that the only registration requirement that was punitive and posed an ex post facto concern was Section 9799.15(g) of the Sentencing Code, 42 Pa. C.S. § 9799.15(g), requiring those convicted prior to SORNA to provide in-person updates to certain registration information.[6] Here, however, Corliss challenges SORNA's requirement that he register his three commercial vehicles in compliance with Section 4915.1(a)(3) of the Crimes Code. In that regard, he requests that we declare his failure to do so a *de minimis* violation of SORNA.

We turn now to Corliss' specific concerns regarding PSP's duty to inform under SORNA. While it is true that Section 9799.20(1) and (2) of the Sentencing Code provides that PSP, among other entities and individuals, has the duty to inform the required-to-register sex offender of his duties under the subchapter and to require him "to read and sign a form stating that the duty to register has been explained and that the individual understands the registration requirement[,]" that provision, on its face, applies only to the individual's initial registration. This conclusion is clear from the introductory paragraph of Section 9799.20, which provides, in pertinent part, that it seeks to implement the provisions of Section 9799.19 relating to initial registration.[7]

---

[6] The in-person updates set forth in subsection (g) are in addition to the periodic in-person appearances required in other subsections of Section 9799.15.

[7] Only one subsection of Section 9799.19 pertains to those individuals already required to register. Specifically, Section 9799.19(j) applies to individuals already subject to registration under Section 9799.13(3), which covers an individual who was required to register with PSP prior to December 20, 2012, and who did not fulfill his period of registration as of that date. **(Footnote continued on next page…)**

Moreover, in his petition for review, Corliss acknowledged PSP's December 2012 letter advising him that, in addition to verifying his current information, he would be required under SORNA "to provide the following *additional* items or information during the registration process . . . vehicles owned or operated[.]" Petition for Review, ¶12 (emphasis added). Accordingly, we cannot say that Corliss has a clear right to relief regarding his contentions concerning the registration of his additional vehicles.

Finally, we address Corliss' request that we enjoin PSP from charging him with violations under SORNA, as filed, enjoin it from assisting the Monroe County District Attorney in prosecuting the SORNA charges and enter a stay in the common pleas case pending resolution of the above-captioned action. In light of Corliss' failure to demonstrate that his right to relief is clear as well as the remaining criteria for injunctive relief, we decline to enter a stay in the underlying criminal case in common pleas.

Accordingly, we deny Petitioner Corliss' amended application for summary relief.

_____
**BONNIE BRIGANCE LEADBETTER,**
Judge

_____
(continued…)
PSP's duty under subsection (j) is to "ensure that the information set forth in section 9799.16(c) with respect to the individual is collected and entered in the registry."

10

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Justin Corliss,                                        :
                   Petitioner              :
                                        :
            v.                              :   No. 580 M.D. 2014
                                          :
Pennsylvania State Police,                  :
                 Respondent            :

## **O R D E R**

AND NOW, this 26th day of April, 2016, the amended application for summary relief of Petitioner Justin Corliss is hereby DENIED.

_____
**BONNIE BRIGANCE LEADBETTER,**
Judge