J-S73039-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| MICHAEL LEE RICHTER | |
| Appellant | No. 543 WDA 2016 |

Appeal from the Order March 29, 2016
In the Court of Common Pleas of Fayette County
Criminal Division at No(s): CP-26-CR-0000375-2010
CP-26-CR-0000466-2010
CP-26-CR-0000467-2010
CP-26-CR-0000549-2010

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| MICHAEL LEE RICHTER | |
| Appellant | No. 544 WDA 2016 |

Appeal from the Order March 29, 2016
In the Court of Common Pleas of Fayette County
Criminal Division at No(s): CP-26-CR-0000375-2010
CP-26-CR-0000466-2010
CP-26-CR-0000467-2010
CP-26-CR-0000549-2010

COMMONWEALTH OF PENNSYLVANIA

        Appellee

        v.

MICHAEL LEE RICHTER

        Appellant

IN THE SUPERIOR COURT OF
PENNSYLVANIA

No. 545 WDA 2016

Appeal from the Order March 29, 2016
In the Court of Common Pleas of Fayette County
Criminal Division at No(s): CP-26-CR-0000375-2010
CP-26-CR-0000466-2010
CP-26-CR-0000467-2010
CP-26-CR-0000549-2010

COMMONWEALTH OF PENNSYLVANIA

        Appellee

        v.

MICHAEL LEE RICHTER

        Appellant

IN THE SUPERIOR COURT OF
PENNSYLVANIA

No. 546 WDA 2016

Appeal from the Order March 29, 2016
In the Court of Common Pleas of Fayette County
Criminal Division at No(s): CP-26-CR-0000375-2010
CP-26-CR-0000466-2010
CP-26-CR-0000467-2010
CP-26-CR-0000549-2010

BEFORE:  FORD ELLIOTT, P.J.E., LAZARUS, J., and JENKINS, J.

MEMORANDUM BY JENKINS, J.:        **FILED OCTOBER 04, 2016**

- 2 -

Michael Richter appeals at the above caption numbers from an order dismissing his petition for return of monies from his inmate account. We consolidate these appeals and affirm.

Richter was charged with crimes in four cases in the Court of Common Pleas of Fayette County ("common pleas court") at Nos. 375-, 466-, 467- and 549-2010. Three of the four cases have identical procedural backgrounds. In Numbers 466-, 467-, and 549-2010, following a consolidated trial, a jury found Richter guilty of two counts of theft by unlawful taking or disposition, three counts of receiving stolen property and three counts of criminal conspiracy.[1] On September 21, 2010, the court sentenced Richter to an aggregate term of 4½ - 9 years' imprisonment. On December 20, 2011, this Court affirmed Richter's judgment of sentence on direct appeal at 1633, 1634 and 1635 WDA 2010. He did not seek allowance of appeal with our Supreme Court.

In 2012, Richter filed a PCRA petition in the common pleas court at numbers 466-, 467- and 549-2010. On October 23, 2013, the court denied the petition. Richter did not appeal. In 2014, Richter filed a second PCRA petition alleging that prior counsel was ineffective for failing to appeal the October 23, 2013 order denying his first PCRA petition. On February 9, 2015, the court granted Richter leave to appeal the October 23, 2013 order

_____

[1] 18 Pa.C.S. §§ 3921(a), 3925, and 903, respectively.

*nunc pro tunc*. Richter filed an appeal to this Court, which quashed the appeal on August 12, 2015.

In Richter's fourth case, No. 375-2010, a jury found him guilty of robbery.[2] On February 14, 2011, the common pleas court sentenced Richter to 15 - 48 months' imprisonment. On November 17, 2011, this Court affirmed Richter's judgment of sentence on direct appeal. He did not seek allowance of appeal with our Supreme Court.

The matter presently at issue began on March 24, 2016, when Richter filed a *pro se* motion in the common pleas court at Nos. 375-, 466-, 467- and 549-2010 entitled "Motion To Stop Deductions And Return Of Monies From Inmate Account Pursuant to 42 Pa.C.S. § 8127 and [42] Pa.C.S. [§] 9726" ("Motion To Stop Deductions"). Richter alleged that at sentencing in these cases, the court failed to determine whether Richter was capable of paying his fines or costs and thus imposed an illegal sentence. Richter requested that the court "enter an order that would cause the deductions from his prison account to cease" and direct the Fayette County Clerk of Courts to reimburse him for monies "that were deducted wrongfully".

On March 29, 2016, the court denied Richter's motion, reasoning that

Pennsylvania Act 84, 42 Pa.C.S. § 9728, vested in the Pennsylvania Department of Corrections the authority to draft guidelines for the collections of fines, costs and restitution from state incarcerated inmates, those guidelines being implemented

---

[2] 18 Pa.C.S. § 3701(a)(1)(v).

at DC-ADM 005, Collection of Inmate Debts Procedures Manual and provid[ing] for 'payments of 20% of the inmate's account balance and monthly income for restitution, reparation, fees, costs, fines and/or penalties associated with the criminal proceedings.'

Brief For Appellant, at 4. On April 14, 2016, Richter filed a notice of appeal to this Court.[3] On the same date, the court ordered Richter to file a Pa.R.A.P. 1925(b) statement within 21 days. On May 19, 2016, Richter filed an untimely Pa.R.A.P. 1925(b) statement, claiming that he did not learn about the April 14, 2016 order until May 10, 2016. On May 20, 2016, in lieu of a Pa.R.A.P. 1925 opinion, the court filed a statement relying on its March 29, 2016 order denying Richter's motion to stop further deductions from his inmate account.

Richter raises one issue in this appeal:

Did the trial court error by denying [the] relief requested to stop 20% deductions from [Richter's] inmate account[,] where the trial court failed to hold a hearing to determine whether or not [Richter] could afford to pay the costs and fines prior to sentencing[,] thus violating 42 P.A.C.S. § 9726 (b), (c), (d); and Pa.R.Crim.P. 706?

We affirm the order denying Richter's petition, but for different reasons than those given by the common pleas court.

Richter's petition below and brief in this Court challenge the legality of his sentence. *Commonwealth v. Boyd*, 73 A.3d 1269, 1270

---

[3] We docketed Richter's appeal at four caption numbers to correspond to his four cases in the Court of Common Pleas of Fayette County. As stated above, we have consolidated these appeals for purposes of disposition.

(Pa.Super.2013) (*en banc*) (claim that sentencing court failed to consider defendant's ability to pay before imposing fines implicates legality of sentence). Because the PCRA encompasses challenges to the legality of sentence, 42 Pa.C.S. § 9543(a)(2)(vii), we will treat Richter's Motion To Stop Deductions as a PCRA petition. **Cf. Ingram v. Newman**, 830 A.2d 1099, 1103 (Pa.Cmwlth.2003) (Commonwealth Court lacked jurisdiction over inmate's challenge to deduction of funds from his inmate account; "[the] alleged failure of the sentencing court to inquire into Ingram's ability to pay could be the basis for relief on direct appeal from the sentence or in a postconviction application … But [the] alleged illegality of the underlying sentence does not entitle Ingram to the remedies he seeks against [the Department of Corrections] in this Court").[4]

---

[4] Had Richter raised a different objection to the deductions from his inmate account other than a challenge to the legality of his sentence, the Commonwealth Court might have been the appropriate forum for this litigation. In **Commonwealth v. Danysh**, 833 A.2d 151 (Pa.Super.2003), a state inmate filed a motion with the court of common pleas, apparently under the caption of his original criminal case, to stop Act 84 deductions from his inmate account, and the motion was denied on its merits. On appeal, we held that the trial court lacked subject matter jurisdiction, because the defendant's claim was in reality a civil action against a Commonwealth agency, the DOC. Therefore, the Commonwealth court enjoyed exclusive original jurisdiction for the defendant's claim under 42 Pa.C.S. § 761(a). Similarly, in **Commonwealth v. Jackson**, 858 A.2d 627 (Pa.Super.2004) (*en banc*), the defendant was sentenced to a term of imprisonment in a state correctional facility, plus costs and restitution. The DOC began deducting 20% of his earnings from an inmate account. The defendant filed a *pro se* petition to stop the DOC from taking deductions. The trial court denied the petition, finding it did not have jurisdiction to

*(Footnote Continued Next Page)*

Before we address the merits of Richter's claim, we must determine whether the common pleas court had jurisdiction to review Richter's petition. We conclude that the court lacked jurisdiction to review Richter's petition under the PCRA's one-year statute of limitations, 42 Pa.C.S. § 9545(b).

Section 9545 provides that a petition "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final." 42 Pa.C.S. § 9545(b)(1); *accord Commonwealth v. Bretz*, 830 A.2d 1273, 1275 (Pa.Super.2003). No court has jurisdiction to hear an untimely PCRA petition. *Commonwealth v. Monaco*, 996 A.2d 1076, 1079 (Pa.Super.2010) (citing *Commonwealth v. Robinson*, 837 A.2d 1157, 1161 (Pa.2003)). A judgment is final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3).

Three exceptions to the PCRA's time-bar provide for very limited circumstances under which a court may excuse the late filing of a PCRA

*(Footnote Continued)* ─────────────

consider the defendant's petition. On appeal, this Court affirmed based on the reasoning in *Danysh*.

It does not appear that *Danysh* or *Jackson* involved a challenge to the legality of sentence, because there is no mention that either defendant claimed inability to pay fines, costs or restitution. This detail distinguishes *Danysh* and *Jackson* from the present case, in which Richter claimed that the trial court failed to assess whether he could pay his fines and costs, thus raising a challenge to the legality of his sentence and bringing this matter within the purview of the PCRA.

petition. 42 Pa.C.S. § 9545(b)(1); **Monaco**, 996 A.2d at 1079. The late filing of a petition will be excused if a petitioner alleges and proves:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). A petition invoking an exception to the PCRA time bar must "be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

Richter's judgment of sentence in Nos. 466-, 467- and 549-2010 became final on January 19, 2012, his final day for seeking allowance of appeal with our Supreme Court on direct appeal. The statute of limitations for filing a PCRA petition expired on Monday, January 21, 2013.[5] The present PCRA petition, filed on March 24, 2016, is untimely on its face.

_____

[5] January 19, 2013, one year after January 19, 2012, fell on a Saturday. Therefore, Richter had until Monday, January 21, 2013 to file his PCRA petition. **See** 1 Pa.C.S. § 1908.

Richter's judgment of sentence in No. 375-2010 became final on Monday, December 19, 2011, his final day for seeking allowance of appeal with our Supreme Court on direct appeal. The statute of limitations for filing a PCRA petition expired on December 19, 2012. The present PCRA petition, filed on March 24, 2016, is untimely on its face.

None of the exceptions in section 9545(b)(i-iii) apply to this case. Richter does not allege that the government interference or newly acquired evidence exceptions in section 9545(b)(i-ii) apply to his case. Nor does he invoke section 9545(b)(iii), which affords relief when the right in question is a constitutional right that the United States Supreme Court or Pennsylvania Supreme Court has held to apply retroactively to cases on collateral review.

For these reasons, both the common pleas court and this Court lack jurisdiction over Richter's petition.

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date:  10/4/2016