**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-3975
_____

CHARLES JACKSON,
Appellant

v.

SCI CAMP HILL;
PENNSYLVANIA DEPARTMENT OF CORRECTIONS;
BUSINESS MANAGER ROBERT GIMBLE,
in his individual capacity;
ALLEGHENY CO. PENNSYLVANIA

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 11-cv-01135)
District Judge: Honorable William W. Caldwell

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 21, 2013

Before: SMITH, CHAGARES and SHWARTZ, <u>Circuit</u> <u>Judges</u>

(Opinion filed June 26, 2013)
_____

OPINION
_____

PER CURIAM

Charles Jackson appeals the District Court's orders granting Appellees' motions to dismiss and denying his motion to file a second amended complaint. For the reasons below, we will affirm the District Court's judgment.

In his first amended complaint, Jackson alleged that starting in December 2007, the Pennsylvania Department of Corrections ("DOC") deducted monies from Jackson's prisoner account and submitted the funds to Allegheny County to pay his prosecution costs. Jackson attached his sentencing order which stated that the prosecution costs were to be paid by Allegheny County. Jackson related that he discovered the error when he received a copy of his sentencing order in March 2010. After Jackson provided the business office at the prison a copy of the sentencing order, they ceased the deductions in April 2010. According to a log of Jackson's payments, the prison had submitted $488.15 to Allegheny County. Jackson then repeatedly complained to prison officials and requested a refund. Prison officials advised Jackson to contact Allegheny County for the return of the funds. Jackson's efforts were unsuccessful, and he filed his complaint alleging claims of due process violations and fraud.

Appellees filed motions to dismiss. Jackson filed a motion for permission to file a second amended complaint. The District Court granted Appellees' motions to dismiss and denied Jackson's motion to file a second amended complaint. It concluded that Jackson's procedural due process claim was barred by the statute of limitations. It also determined that the DOC and SCI-Camp Hill were entitled to immunity under the Eleventh Amendment. As for Allegheny County, the District Court concluded that Jackson had not shown that his injury was the result of a policy or custom. With respect to Jackson's Fourth Amendment claim

2

against Appellee Gimble, the District Court determined that Jackson had no Fourth Amendment rights in his prison account. Jackson's state law fraud claim was disposed of on the ground of sovereign immunity. Jackson filed a timely notice of appeal.

We have jurisdiction under 28 U.S.C. § 1291. In his brief on appeal, Jackson challenges only the District Court's denial of his motion to file a second amended complaint. In his proposed second amended complaint, Jackson sought to base his claims on the Federal Tort Claims Act and the Uniform Fraudulent Transfer Act. He also requested that the District Court consider the Public Function test. The District Court concluded that Jackson's proposed amendments were futile. We review its decision for an abuse of discretion. Winer Family Trust v. Queen, 503 F.3d 319, 331 (3d Cir. 2007).

The District Court correctly concluded that the Federal Tort Claims Act does not apply because Jackson did not name the United States as a defendant. 28 U.S.C. § 2674. The Pennsylvania Uniform Fraudulent Transfers Act also does not apply as the Appellees did not transfer the money to avoid a creditor's claims. 12 Pa. C.S.A. § 5101 et seq. Jackson had not extended credit to Appellees. The Public Function test is not relevant as the state actors do not dispute their status as such. Brown v. Philip Morris Inc., 250 F.3d 789, 801-02 (3d Cir. 2001). The District Court did not abuse its discretion in denying Jackson's motion to file a second amended complaint.

It appears that the deductions at issue resulted from a possible clerical error. We encourage counsel for Allegheny County to look into: (1) whether Allegheny County received approximately $488.15 from Jackson's account from the Pennsylvania Department of

Corrections between December 2007 and April 2010; (2) which criminal case or other debt the funds were applied to; and (3) whether Jackson is entitled to the return of any funds.

For the above reasons, as well as those set forth by the District Court, we will affirm the District Court's judgment.