IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Shawn Freemore,                          :
                          Petitioner     :
                                         :
          v.                             :     No.  273 M.D. 2020
                                         :     Submitted:  February 12, 2021
Department of Corrections,               :
                          Respondent     :


BEFORE:     HONORABLE MARY HANNAH LEAVITT, Judge
            HONORABLE PATRICIA A. McCULLOUGH, Judge
            HONORABLE J. ANDREW CROMPTON, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE CROMPTON                        FILED:  May 10, 2021


          Before this Court are the preliminary objections, in the nature of a
demurrer, of the Department of Corrections (DOC) in regard to a Petition for Review
filed *pro se* with this Court by Shawn Freemore (Freemore), an inmate presently
incarcerated at State Correctional Institution (SCI) at Houtzdale.  Freemore
challenges DOC's ability to collect court-ordered costs from a gift made to his
inmate account.

## I.     Background and Procedural History

          On February 1, 2020, Freemore filed an official inmate grievance,
alleging that DOC erroneously deducted 25%, *i.e.*, $37.50, from a gift of $150.00,
deposited to his inmate account by his family on January 21, 2020.  Petition for
Review, Exhibit A.  In his grievance, Freemore argued that "[d]eductions are only

to be taken from monies earned, such as work in the institution or money from an official profession, not gifts from [f]amily or [f]riends." *Id.*

On February 11, 2020, DOC issued its Initial Review Response denying Freemore's grievance, stating that, "[i]n accordance with DOC policy DC-ADM 005, the definition of 'income' is 'all funds credited to an inmate's account regardless of the source.' Therefore, deductions from personal gifts are in accordance with policy." Petition for Review, Exhibit B.

Freemore also filed an Appeal to Facility Manager, which was received by the Superintendent's Office at SCI-Houtzdale on February 20, 2020. Freemore disputed the Initial Review Response and contended: "Since gifts are not eligible income under the statuets [sic], deductions from my personal gifts must cease and my relief granted." Petition for Review, Exhibit C.

On February 20, 2020, DOC issued the Facility Manager's Appeal Response stating that Freemore "failed to provide anything in the appeal that would refute the response provided[,] and the personal opinion you provide concerning gifts not being eligible under income statutes have [sic] no merit." Petition for Review, Exhibit D. In addition, DOC noted:

> The Investigating Officer has appropriately addressed all of your concerns, there is no indication of any violation of policy, and all collections were done accordingly. Therefore, the original response is upheld and any such relief is denied. In addition, a frivolous designation has been added as your grievance lacks any arguable basis in law, fact, and/or policy.

Petition for Review, Exhibit D.

On February 23, 2020, Freemore filed an Appeal to Final Review, stating:

> The Facility Manager's Response shed no light on the matters and [did not] answer anything in the appeal.

2

Since the DOC's definition of "income" is overly broad, and does not comport with any existing statute, it must be struck down. The inclusion of gifts is incorrect[,] and the deduction therefrom must be stopped. My initial grievance should be upheld and the relief requested granted.

Petition for Review, Exhibit D.

On March 4, 2020, DOC issued its Final Appeal Decision, stating:

A review of the record found that DOC policy DC-ADM 005 [Collection of Inmate Debts] states that "income" shall mean all funds credited to an inmate's account regardless of source. The only exceptions are: refunds of commissary purchases, refunds of purchases initiated through the facility, money sent to the inmate for payment of a private viewing/deathbed visit, Social Security Disability payments, and Veterans Administration benefits.[] Therefore, deductions can be made from "gifts," regardless of the source. You fail to provide any evidence to substantiate your claims. Your grievance and requested relief are denied.

Petition for Review, Exhibit F.

Freemore filed a Petition for Review with this Court dated April 2, 2020. On August 29, 2020, Freemore filed a Motion for Summary Relief, which was received by this Court on September 4, 2020, asserting that DOC had "chosen to not answer or file preliminary objections, despite having over four months to respond." Motion for Summary Relief, 8/29/20.

On September 11, 2020, this Court issued an Order as follows:

Now, September 11, 2020, upon consideration of [Freemore's] Motion for Summary [Relief], requesting judgment in his favor based on [DOC's] failure to respond to his [P]etition for [R]eview, and it appearing that service of the [P]etition for [R]eview has not been made on [DOC] as required by Pa. R.A.P. 1514(c),[1] the motion is denied.

---

[1] Pa.R.A.P. 1514(c) states: "Service.--A copy of the petition for review shall be served by the petitioner in person or by certified mail on both the government unit that made the determination sought to be reviewed and the Attorney General of Pennsylvania."

3

[Freemore] is directed to serve his [P]etition for [R]eview on [DOC] and the Attorney General in person or by certified mail as required by Pa. R.A.P. 1514(c) and file with this court a certificate of service of same within 14 days of the entry of this order or this matter will be dismissed as a matter of course.

Commonwealth Court Order, 9/11/20.

On September 24, 2020, this Court issued an Order directing DOC to file an answer or otherwise plead within 30 days. Freemore filed a Motion to Clarify, which was received by this Court on October 16, 2020, contending that our September 24, 2020 Order was overbroad and requesting that we specify that by "file an answer or otherwise plead," we meant DOC was only permitted to reply to his Motion for Summary Relief and that any answer or preliminary objections to his original Petition for Review were time-barred. Motion to Clarify, 10/16/20. Also, on October 16, 2020, DOC filed preliminary objections to Freemore's Petition for Review. In an Order dated October 20, 2020, this Court denied Freemore's Motion to Clarify, and on October 23, 2020, we received Freemore's response to DOC's preliminary objections. Both parties submitted briefs to this Court. DOC submitted its brief on December 3, 2020, and Freemore submitted his brief on January 4, 2021.[2]

---

[2] In ruling on preliminary objections, we accept as true all well-pleaded material allegations in the petition for review and any reasonable inferences that we may draw from the averments. *Meier v. Maleski*, 648 A.2d 595 (Pa. Cmwlth. 1994). However, the Court is not bound by legal conclusions, unwarranted inferences from facts, argumentative allegations, or expressions of opinion encompassed in the petition for review. *Id.* We may sustain preliminary objections only when the law makes clear that the petitioner cannot succeed on his claim, and we must resolve any doubt in favor of the petitioner. *Id.* When considering preliminary objections in the nature of a demurrer, we may sustain a demurrer only when a petitioner has failed to state a claim for which relief may be granted. *Clark v. Beard*, 918 A.2d 155 (Pa. Cmwlth. 2007). Moreover, we have held that "a demurrer cannot aver the existence of facts not apparent from the face of the challenged pleading." *Martin v. Dep't of Transp.*, 556 A.2d 969, 971 (Pa. Cmwlth. 1989).

## II. Arguments

### A. Freemore's Arguments

Freemore argues that this Court may not review DOC's preliminary objections because they are time-barred by Pa.R.A.P. 1516(b)[3] and Pa.R.C.P. No. 1025,[4] which "place a time limit for filing any pleading or response to within 30 and 20 days, respectively, after service." Freemore's Br. at 6. Freemore asserts that he properly served his Petition for Review on DOC on April 2, 2020, but that DOC did not respond or file any pleading until October 16, 2020, and that DOC was untruthful when it stated it was only served on September 24, 2020. Thus, Freemore contends

---

[3] Pa.R.A.P. 1516(b) states, in pertinent part:

> *Original jurisdiction petitions for review*.--Where an action is commenced by filing a petition for review addressed to the appellate court's original jurisdiction, the pleadings are limited to the petition for review, an answer thereto, a reply if the answer contains new matter or a counterclaim, a counter-reply if the reply to a counterclaim contains new matter, preliminary objections, and answers thereto . . . . Every pleading filed after an original jurisdiction petition for review shall be filed within **30 days** after service of the preceding pleading, but no pleading need be filed unless the preceding pleading is endorsed with a notice to plead.

(Emphasis added.)

[4] It appears that Freemore meant this to be a reference to Pa.R.C.P. No. 1026(a), which states:

> **Rule 1026. Time for Filing. Notice to Plead.**
> (a) Except as provided by Rule 1042.4 or by subdivision (b) of this rule, every pleading subsequent to the complaint shall be filed within **twenty days** after service of the preceding pleading, but no pleading need be filed unless the preceding pleading contains a notice to defend or is endorsed with a notice to plead.

(Emphasis added.)

5

that DOC's preliminary objections are untimely and "this [C]ourt lacks jurisdiction to entertain or review them." Freemore's Br. at 6.

Freemore adds that, if this Court proceeds to review DOC's preliminary objections, the preliminary objections "fail for other reasons as well." *Id.* Freemore argues that DOC's definition of income as "'all funds credited to an inmate[']s account regardless of source,'" violates 42 Pa.C.S. §8127(a)(5)[5] "which states that only 'wages, salaries, and commissions' are available for deductions by court order." Freemore's Br. at 7. Citing *Fisher v. Commonwealth*, 926 A.2d 992 (Pa. Cmwlth. 2007), Freemore notes that this Court has previously determined that, rather than its own definition of income, DOC should rely on the definition of income used in 23 Pa.C.S. §4302, which, he says "exempts gifts." Freemore's Br. at 8. Freemore states that DOC is essentially his employer, and 42 Pa.C.S. §8127(a)(5) only provides for deductions from "wages, salaries, and commissions." Freemore's Br. at 9. He adds that gifts do not fit into that statutory definition. *Id.* (citing 42 Pa.C.S. §8127(a)(5)).

Freemore contends:

> This Court should reject [] DOC's interpretation of the statute and DC-ADM's definition of "income" as allowing them [sic] overly excessive power. A statement of policy is a governmental agency's interpretation, which a court may accept or reject depending on how accurately the agency's interpretation affects the meaning of the statute.

---

[5] 42 Pa.C.S. §8127(a) provides, in pertinent part:

> **(a) General rule and exceptions.--**The wages, salaries and commissions of individuals shall while in the hands of the employer be exempt from any attachment, execution or other process except upon an action or proceeding:
> . . . .
> (5) For restitution to crime victims, costs, fines or bail judgments pursuant to an order entered by a court in a criminal proceeding.

6

*Id.* (citing *Chimenti v. Dep't of Corr.*, 720 A.2d 205, 210 (Pa. Cmwlth. 1998)) (quoting *Cent. Dauphin Sch. Dist. v. Dep't of Educ.*, 608 A.2d 576, 581 (Pa. Cmwlth. 1992)).

Freemore asserts that, in addition to DOC's definition of income being overbroad, it is antithetical to the public interest to allow a deduction from a gift to an inmate's account because it results in "civilians" paying the inmate's costs, rather than the inmate, himself, paying same. Freemore contends that this runs counter to the purpose of the law. Freemore's Br. at 8. In this same regard, Freemore argues that "[i]nmate debt should only be deducted from wages, salaries, and commissions earned through work," which, Freemore maintains, are "the only ones authorized by statute." Freemore's Br. at 9.

Freemore contends that DOC's action in the present matter violated his Fourth Amendment protection against unreasonable search and seizure as enunciated in the United States Constitution[6] and resulted in due process violations under the Fourteenth Amendment of the United States Constitution[7] and Article I, Section 1 of the Pennsylvania Constitution[8] because the deductions taken by DOC were automatic and "unchallengable" prior to their occurrence. Petition for Review, 4/2/20, at 4.

---

[6] U.S. Const. amend. IV.

[7] U.S. Const. amend XIV.

[8] Pa. Const. art. I, §1. ("All men are born equally free and independent, and have certain inherent and indefeasible rights, among which are those of enjoying and defending life and liberty, of acquiring, possessing and protecting property and reputation, and of pursuing their own happiness.").

7

Freemore argues that DOC failed to answer the only pleading it was "legally permitted to answer, which [was] the Motion for Summary [Relief]." Freemore's Br. at 10. Freemore adds that this means the Motion for Summary Relief was uncontested, and since Pa.R.C.P. No. 1035.3[9] applies to both the Motion for Summary Relief and the Petition for Review, this necessitates his Motion for Summary Relief should be granted. Freemore's Br. at 10.

## B. DOC's Arguments

DOC notes, initially, that 42 Pa.C.S. §9728(b)(5)[10] states: "'The [DOC] *shall* make monetary deductions of at least 25% of deposits made to inmate wages and personal accounts for the purpose of collecting restitution, costs . . . .'" DOC's Br. at 7 (emphasis added to quote by DOC). Citing *Boyd v. Department of Corrections*, 831 A.2d 779 (Pa. Cmwlth. 2003), DOC contends it is well established

---

[9] **Rule 1035.3. Response. Judgment for Failure to Respond.**

(a) Except as provided in subdivision (e), the adverse party may not rest upon the mere allegations or denials of the pleadings but must file a response within thirty days after service of the motion identifying

(1) one or more issues of fact arising from evidence in the record controverting the evidence cited in support of the motion or from a challenge to the credibility of one or more witnesses testifying in support of the motion, or

(2) evidence in the record establishing the facts essential to the cause of action or defense which the motion cites as not having been produced.

(b) An adverse party may supplement the record or set forth the reasons why the party cannot present evidence essential to justify opposition to the motion and any action proposed to be taken by the party to present such evidence.

(c) The court may rule upon the motion for judgment or permit affidavits to be obtained, depositions to be taken or other discovery to be had or make such other order as is just.

(d) Summary judgment may be entered against a party who does not respond.

[10] Known as "Act 84," *i.e.*, Act of June 18, 1998, P.L. 640, No. 84, *as amended*, 42 Pa.C.S. §9728 (Collection of restitution, reparation, fees, costs, fines and penalties).

that DOC is authorized "to make monetary deductions from an inmate's account to pay court ordered fines, costs, and restitution."  DOC's Br. at 7.

DOC argues that 42 Pa.C.S. §8127 does not apply to gifts, despite Freemore's contention to the contrary, stating that "[t]his section only applies to 'wages, salaries, and commissions . . . while still in the hands of an employer.'" DOC's Br. at 9 (quoting *Bundy v. Wetzel*, 184 A.3d 551, 556 (Pa. 2018) (citing 42 Pa.C.S. §8127(a))).  Referencing 18 Pa.C.S.  §5123(b),[11] DOC notes that "when a person gives money to an inmate, the funds are credited to the prisoner's account and expended in accordance with the prison's rules and regulations."  DOC's Br. at 9.

DOC adds that Freemore failed to present any facts to support his claim that the deductions from his account were made in violation of the Fourth Amendment to the United States Constitution and that the "courts have concluded that the Fourth Amendment does not apply to seizures from inmate accounts." DOC's Br. at 9 (referencing *Taylor v. Knapp*, 871 F.2d 803, 806 (9th Cir. 1989), *Jackson v. SCI-Camp Hill* (M.D. Pa. Sept. 11, 2012), 2012 WL 3990888, at *5  (an inmate has no Fourth Amendment rights in his prison financial account), *aff'd*, *Jackson v. SCI Camp Hill*, 530 F. App'x 150 (3d Cir. 2013)).  Further, DOC

---

[11] 18 Pa.C.S.  §5123(b) states, in pertinent part:

> **(b)  Money to inmates prohibited.--**A person commits a misdemeanor of the third degree if he gives or furnishes money to any inmate confined in a State or county correctional institution, provided notice of this prohibition is adequately posted at the institution. **A person may**, however, **deposit money with the superintendent, warden, or other authorized individual in charge of a State or county correctional institution for the benefit and use of an inmate confined therein, which shall be credited to the inmate's account and expended in accordance with the rules and regulations of the institution** . . . .

(Emphasis added).

9

reinforces the point that Act 84 "dictates that . . . DOC is to make monetary deductions from an inmate's account to pay court ordered fines, costs and restitution." DOC's Br. at 7 (citing *Boyd*, 831 A.2d 779). Additionally, DOC contends that "Act 84 does not require prior court authorization as a threshold condition before funds may be deducted from an inmate's account." DOC's Br. at 8 (referencing *George v. Beard*, 824 A.2d 393 (Pa. Cmwlth. 2003)). DOC adds that our Supreme Court "has rejected the argument that before the DOC may commence Act 84 deductions, an inmate is entitled to a hearing regarding his ability to pay under 42 Pa.C.S. §9730(b)." DOC's Br. at 8. Citing *Buck v. Beard*, 879 A.2d 157, 160-61 (Pa. 2005), DOC states "[t]he sentencing hearing provides the inmate with the required pre[]deprivation due process regarding his ability to pay." DOC's Br. at 8.

Further, DOC, referencing *Bundy*, 184 A.3d at 556, states that once an inmate receives a monetary gift, it belongs to him, not the donor, and thus, it is "subject to Act 84 deductions."[12] DOC's Br. at 10. Accordingly, DOC asserts that "[t]he funds in [Freemore's] inmate account, which include gifts, are properly being deducted from his inmate account to satisfy his court costs. Thus, [Freemore] has failed to state any grounds upon which relief may be granted regarding these deductions." DOC's Br. at 11. DOC requests that this Court sustain its preliminary objections and dismiss Freemore's Petition for Review.

### III. Discussion

At the outset, we note that Freemore's arguments fail at all levels. His case for a Motion for Summary Relief is based on the incorrect supposition that DOC did not timely respond to his Petition for Review. However, this Court determined

---

[12] *See* 42 Pa.C.S. §9728.

10

that Freemore did not properly serve his Petition for Review on DOC and, accordingly, denied his Motion for Summary Relief. Once Freemore properly served his Petition for Review on DOC, DOC filed timely preliminary objections. Accordingly, there was no remaining basis for Freemore's Motion for Summary Relief (which was denied), and, thus, no reason for DOC to respond to same.

As for DOC's preliminary objections, DOC successfully established that there was no basis for Freemore's claims. Act 84 provides DOC with its authority for making deductions from an inmate's account. Freemore's reliance on 42 Pa.C.S. §8127 is misplaced because that section applies to wages, salaries, and commissions, not gifts. Gifts, and DOC's authority to deduct funds from a monetary gift made to an inmate's account, are governed by Act 84.[13]

Further, there is no constitutional violation when DOC makes a deduction from a gift made to an inmate's account. Freemore's sentencing hearing was the pre[]deprivation due process to which he was entitled. *Buck, 879* A.2d at 160-61. In addition, Freemore had a means to challenge DOC's action, *i.e.*, DOC's inmate grievance process, which he utilized. As this Court previously enunciated in *George*, 42 Pa.C.S. §9728(b)(5) "authorizes DOC to make monetary deductions

---

[13] 42 Pa.C.S. §9728(b)(5) states, in pertinent part:

**(b) Procedure.--**
. . . .
(5) Deductions shall be as follows:
(i) **The [DOC] shall make monetary deductions of at least 25% of deposits made to inmate wages and personal accounts for the purpose of collecting restitution, costs** imposed under section 9721(c.1), **filing fees** to be collected under section 6602(c) (relating to prisoner filing fees) **and any other court-ordered obligation** . . . .

(Emphasis added.)

11

from an inmate's account to pay court ordered fines and costs and does not impose prior court authorization as a threshold condition." *George,* 824 A.2d at 396-97.

As we stated in *Danysh v. Department of Corrections*, 845 A.2d 260, 263 (Pa. Cmwlth. 2004):

> The Legislature has not provided an exception for gifts placed in an inmate's personal account, and it does not require the Department to account for the source of all funds in an inmate's personal account before making deductions. The personal account of an inmate may be derived from various sources, including wages, **gifts** and government benefits. The source of funds is of no moment.

(Emphasis added.) We added that

> there is a legitimate penological interest in collecting on an inmate's debts incurred as a consequence of his criminal conviction. It encourages rehabilitation by instilling a sense of financial responsibility. The issue of an inmate's ability to pay is reviewed by the court at the time of sentencing.

*Id.* at 264.

This Court may sustain DOC's preliminary objections and dismiss Freemore's case only in the instance where no doubt exists that the law will not permit a recovery. This is such a case. Freemore has failed to state any grounds upon which relief may be granted. Accordingly, we sustain DOC's preliminary objections and dismiss Freemore's Petition for Review.

 

 

_____
J. ANDREW CROMPTON, Judge

12

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Shawn Freemore,                          :
                    Petitioner           :
                                         :
        v.                               :    No.  273 M.D. 2020
                                         :
Department of Corrections,               :
                    Respondent           :

## **O R D E R**

**AND NOW**, this 10th day of May 2021, the Preliminary Objections of the Department of Corrections are **SUSTAINED**.  The Petition for Review filed by Shawn Freemore is **DISMISSED**.

_____
J. ANDREW CROMPTON, Judge